1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9                              FRESNO, CALIFORNIA

10
GREGORY JOHNSON and CHARLOTTE          )    Case No.  1:11-mc-25 LJO GSA
11   JOHNSON,                               )
                                            )
12              Plaintiff,                   )
                                            )
13   v.                                      )    ORDER STAYING ACTION
                                            )
14   RONALD GEORGE HUSTON and LINDA         )
     MARIE HUSTON,                          )
15                                           )
                Defendants.                  )
16   _____)
                                            )
17

18   **I.     Introduction**

19          On February 7, 2012, judgment creditors, Gregory Johnson and Charlotte Johnson ("the

20   Johnsons" or "judgment creditors") filed an Ex Parte Application for Sale of Dwelling regarding

21   property located at 51515 Long Gold Road, Friant California 93626 ("the subject property").  (Doc. 8).

22   The judgment creditors are seeking to sell the subject property to enforce a money judgment awarded

23   against judgment debtors, Ronald George Huston and Linda Marie Huston ("the Hustons" or "judgment

24   debtors") issued on January 29, 2010, in the United States Bankruptcy Court, Central District of

25   California.

26          On March 8, 2012, the Court issued an Order to Show Cause Why Order for Sale of Dwelling

27   Should Not be Made ("OSC"). (Doc. 12).  The Court ordered that Defendants, as well as Erin Husted

28   Hesgard (a non-party in this action) be personally served with the OSC because a review of the

     application revealed these parties may have an interest in the subject property. *Id*.

1

2       On April 25, 2012, Erin Husted Hesgard filed a response to the OSC. (Doc. 17). She also

3   requested a continuance of the hearing because she recently hired counsel. (Doc. 16). The Court granted

4   a continuance over the judgment creditors' objections. The parties subsequently agreed to a

5   continuance. Ms. Hesgard filed a supplemental response to the OSC. (Doc. 27). The Johnsons filed a

6   Reply. (Doc. 29). The Court took the matter under submission. Upon a review of the pleadings, the

7   Court has determined this matter shall be stayed.

8   **II.    Discussion**

9       This matter involves a dispute over the subject property which was formally the home of Dorothy

10  Huston. Dorothy Huston is the mother of Ronald Husted and Charlotte Johnson, both of whom are

11  parties in this action. Ms. Hesgard is the granddaughter of Dorothy Huston, and the daughter of Ronald

12  Huston. Dorothy Huston passed away in late 2011. The dispute arises as a result of Ms. Huston's

13  conveyances to her children and her granddaughter, as well numerous transfers of the property amongst

14  the parties.

15      In the response to the OSC, Ms. Hesgard argues that she has a 2/3 ownership interest in the

16  subject property because her grandmother conveyed the property to her. In response to the OSC, on June

17  7, 2012, Ms. Hesgard filed a complaint in the Madera County Superior Court against the judgment

18  creditors alleging three causes of action : (1) quiet title, (2) declaratory relief, and (3) partition. (Case

19  No. MCV060635). Ms. Hesgard argues that the pending state court case must be resolved before the

20  judgment against Ronald Huston can be enforced against the subject property. Furthermore, because she

21  is not a party to the judgment the Hustons are seeking to enforce, and she was not party in the original

22  bankruptcy action, she contends this Court does not have jurisdiction over her. She requests that the

23  judgment creditors' Ex Parte Application for Sale of Dwelling be denied or stayed pending the

24  resolution of the state court proceedings.

25      In Reply, the Johnsons argue that they are not seeking to adjudicate Ms. Hesgard's interest in the

26  subject property, but are only seeking to have the Court determine there is no homestead exemption

27  applicable to the property and order its sale. In other words, the judgement creditors are only trying to

28  enforce their judgment against the levied property. They contend that there are no factual or legal issues

1  for the state court to decide because a valid lien was created against the subject property.  Moreover, the

2  issues raised in Ms. Hesgard's response involve fraudulent conveyances that are irrelevant to the current

3  enforcement proceeding. Thus, the judgement creditors urge this Court to exercise its authority to

4  enforce the judgment, confirm that no homestead exemption exists, and order sale of the property.

5        On October 16, 2012, the parties filed a report outlining the status of the state court proceedings.

6  The judgement creditors indicate that they have filed a cross-complaint against, Ms. Hesgard, Ronald

7  and Linda Huston (the judgement debtors), and Wayne and Nancy Wellington[1] alleging fraudulent

8  conveyance, slander of title, cancellation of cloud on title, and declaratory relief as causes of action.

9  There is a case management conference scheduled for December 13, 2012.  The Johnsons and Ms.

10  Hesgard have indicated a potential willingness to mediate this matter as part of the alternative dispute

11  resolution required by the Madera County Superior Court.

12        The Court has considered all of the arguments of the parties.  Here, the ownership interests of the

13  subject property are clearly in dispute which are relevant to the instant proceedings.  Specifically, the

14  resolution of the state court proceedings will be determinative of this Court's jurisdictional analysis, as

15  well as the merits of this case.  Moreover, the state court proceedings are well underway and it appears

16  that the parties are open to settlement negotiations as part of those proceedings.  In the interests of

17  preserving judicial economy, this court will abstain from making a decision regarding ordering the sale

18  of the subject property until the property interests are resolved.  *Colorado River Water Conservation*

19  *Dist. v. U.S.*, 424 U.S. 800, 817-819 (1976).  Accordingly, these proceedings are stayed pending the

20  resolution of the state court proceedings.  The parties are directed to file a status report outlining the

21  status of the state court proceedings, as well as the anticipated length of the proceedings, every one

22  hundred and twenty (120) days after service of this order.

23

24

25        IT IS SO ORDERED.

26        Dated:   **November 20, 2012**          **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE

27

28
    _____
    [1] Nancy Wellington is the sister of Ronald Husted and Charlotte Johnson.